IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:21-MC-00074-FAB |
| | ) | |
| KENDELL LANG, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| FUSION PROPERTIES MANAGEMENT | ) | |
| GROUP, INC., d/b/a FUSION FARMS, | ) | |
| | ) | |
| Garnishee. | ) | |

**OBJECTION BY UNITED STATES
TO ANSWER BY GARNISHEE FUSION PROPERTIES MANAGEMENT GROUP, INC.**

Plaintiff and judgment creditor United States of America, pursuant to 28 U.S.C. § 3205(c)(5), objects to the answer [doc. 10] filed by Fusion Properties Management Group, Inc. ("Fusion Farms") to the writ of garnishment served upon it on March 26, 2021.  As grounds for this objection, it is unclear whether Fusion Farms' answer is accurate, and the United States requests time to investigate the factual accuracy of the answer.

The writ demands that Fusion Farms identify and hold any property, including earnings, in its possession, custody or control, both in the present and anticipated in the future, belonging to the judgment debtor Kendell Lang.  Fusion Farms answered that it does not now have property belonging to Lang, but that is does have an agreement with Lang by which Fusion Farms is obligated to pay Lang a salary of $3,000 per month, and to issue stock options to him, in the event he fulfills certain contractual conditions.  (Fusion Farms' answer is silent as to how close Lang is to fulfilling those contractual conditions.)  In addition, Fusion Farms answered that it

1

could issue dividends to shareholders if it were to become profitable and its board of directors were to vote to issue dividends.

In support of this objection, the United States has appended the following exhibits:

Exhibit 1.    Order Granting Motion for Summary Judgment; Denying Motion to Dismiss; Granting Motion to Strike Cross-Complaint, entered July 25, 2008, in *United States v. Kendell Lang et al.*, Case No. 3:06-cv-02648-JM-WVG (S.D. Cal.);

Exhibit 2.    An interview published on Fusion Farms' website with Kendell Lang and Lisa Jander; and

Exhibit 3.    The Puerto Rico Secretary of State listing for Fusion Farms.

In further support of this objection, the United States submits the following memorandum.

## MEMORANDUM

### *The underlying judgment*

The judgment against Kendell Lang was issued by the United States District Court for the Southern District of California.  [Doc. 1.]  The judgment is for unpaid federal income taxes owed by Kendell Lang for the tax years 1993, 1995, 1999, 2000, 2001, 2002, and 2004, and for 2002 income tax Lang owes as personal representative of the estate of Patricia Lang.  [Ex. 1, pp 3-5.] Lang filed what he termed a request for an abatement of taxes for 1993 and a federal income tax return for 1995, without paying the reported tax due.  [Ex. 1, p 3-4.]  He failed to file federal income tax returns for the remaining periods (even though he earned taxable income) and the Internal Revenue Service determined his income from a variety of sources available to it.  [*Id.*]

Lang contested his tax liabilities in the litigation leading up to the judgment with arguments and self-created materials typical of individuals who defy the tax laws.  The

California federal court discussed one document Lang submitted styled as a "Response to Tax

Lien" –

> The Response to Tax Lien submitted by Defendant generally indicates that he filed a statement, "instead of a 1040 for the year periods ending Dec 31, 1993, 1995, 2002. Since the 'Notice of Affidavit Statement' that I filed does not disclose income, no tax liability was incurred for the year period ending Dec 31, 2003, therefore I am not required to provide you a 540 CA Tax Return, because no 1040 was created." (Exh. 16 at 3). Defendant misconstrues the nature of a "statement." Every taxpayer is required to "make a return or statement according to the forms and regulations prescribed by the Secretary." 26 U.S.C. §6011. Because the statements filed by Defendant do not contain any of the information required to calculate the tax owed, and do not represent "an honest and reasonable attempt to satisfy the requirement of the tax law," *In re Hatton*, 220 F.3d 1057, 1060-61 (9th Cir. 2000), Defendant fails to create a genuine issue of material fact or law. For example, the statements indicating that Defendant did not identify any income for the tax years at issue fail to take into account, among other things, the Government's reliance on income received by Defendant but not reported to the IRS. Under these circumstances, the exhibits filed by Defendant to show that he filed "statements" fail to create triable issues of fact or law. The Government is entitled to summary judgment on these claims.

[Ex., p 5.]

The California federal court also determined that Lang tried to conceal his assets from the

Government.  Lang and his late wife Patricia formed a trust in 1989 and "conveyed to the Trust

their personal residence . . ., all personal property, all checking and savings accounts, all IRA

accounts and interests in retirement plans, and all life insurance policies."  [Ex. 1, p 6.]  The

court determined that the Langs' residence was subject to federal tax liens because it was a mere

nominee owner of property actually belonging to Lang.  [Ex. 1, pp 7-8.]

*Governing procedures and procedural background*

The judgment against Kendell Lang was registered in this district for collection because the United States believes Lang now resides in Puerto Rico.[1]  An interview posted on the Fusion Farms website states that he and his current wife Lisa Jander relocated to Puerto Rico from the San Diego area.  [Ex. 2.]

This garnishment proceeding is governed by the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001 *et seq.*  A writ of garnishment under the Act is continuing and terminates only as provided by statute.  28 U.S.C. § 3205(a).  The procedures applicable to this garnishment are set forth in 28 U.S.C. § 3205(c).

A writ of garnishment is issued if the United States files a satisfactory application.  28 U.S.C. § 3205(c)(1).  In this case, the Court issued the writ of garnishment on March 17, 2021. [Doc. 4.]  The writ must include the last known address of the judgment debtor, the requirement that the garnishee answer the writ within 10 days, and state that the garnishee "shall withhold and retain any property in which the debtor has a substantial nonexempt interest and for which the garnishee *is or may become indebted* to the judgment debtor pending further order of the court."  28 U.S.C. § 3205(c)(2) (emphasis added).  The writ in this case complies with the statute, and specifically directs the garnishee "to withhold and retain any property in which Kendell Lang has a substantial non-exempt interest. You must continue to withhold and retain any of Kendell Lang's property that is due (or may become due) and that comes into your possession, pending further order of the Court."  [Doc. 4.]

In compliance with Rule 4.1 of the Federal Rules of Civil Procedure, the United States Marshals Service served the writ of garnishment and accompanying materials on Fusion Farms

---

[1] Lang's last known address is a box at a UPS facility in California.

on March 26, 2021 [doc. 9], and the United States served a copy of the writ and accompanying materials on Kendell Lang on April 8, 2021 [doc. 8].  On April 5, 2021, the tenth day following service of the writ, Fusion Farms sought and obtained a 10-day extension of the time to file and serve its answer, [doc. 7], and filed its answer within the extended time.

Fusion Farms' answer complies on its face with the requirements of the statute, stating that it does not currently have in its possession, custody or control any property belonging to Kendall Lang, that it has a contingent contract with Lang that may pay him $3,000 per month, and that there is an outside chance of dividends being paid to shareholders, but not in the foreseeable future.  *See* 28 U.S.C. § 3205(c)(4).

The United States (or the judgment debtor) may object to a garnishee's answer and request a hearing within 20 days of receipt.  28 U.S.C. § 3205(c)(5).  As Fusion Farms served and filed its answer on April 15, 2021, this objection is timely.[2]  The objecting party is required to state its grounds for objecting to the answer and bears the burden of proving those grounds. *Id.*  If a hearing is requested, the Court must hold the hearing within 10 days, or as soon thereafter as is practicable.  *Id.*  If any property subject to the garnishment is identified, the Court enters an order directing the garnishee as to the disposition of that property.

The writ of garnishment terminates only if (A) the Court quashes the writ; (B) property within the possession custody, or control of the garnishee in which the judgment debtor has a substantial nonexempt interest is exhausted; or (C) the underlying debt is satisfied.  28 U.S.C. § 3205(c)(10).

---

[2] The Court directed the United States to state its position with respect to Fusion Farms' answer by April 29, 2021.  [Doc. 11.]

In light of its objection to Fusion Farms' answer, the United States does not seek a disposition order at this time.  However, if a disposition order were to be entered, it should direct that any nonexempt portion of Kendell Lang's future salary be paid over to the United States.

### Substance of the United States' objection

The United States objects on the basis that Fusion Farms' answer may be inaccurate and requests an opportunity to conduct discovery to ascertain the extent to which Kendell Lang may be using Fusion Farms as a shield to protect his assets from the Government's reach.  *See* 28 U.S.C. § 3015 (the United States may conduct discovery regarding the debtor's financial condition in a proceeding under the Federal Debt Collection Procedure Act).  Among other things, the United States wants to investigate whether Fusion Farms is paying Kendell Lang's expenses, and whether a salary is currently being paid to him indirectly through payments to his wife, Lisa Jander.

As discussed above, Kendell Lang has already used a trust in an improper attempt to conceal and shield his assets from the United States.  His control over Fusion Farms suggests he may be doing the same with this entity.

Information from the Puerto Rico Secretary of State shows that Kendell Lang is Fusion Farms' president, secretary, treasurer, and director.  [Ex. 3.]  The individual who executed Fusion Farms' answer on behalf of the company – identifying herself as secretary -- is Lisa Jander, who is Kendell Lang's current wife.  [Doc. 10.]

Lang's history of defying the tax laws, his history of concealing his ownership of assets by creating a nominee owner, and his apparent control of Fusion Farms, together constitute good cause to investigate the veracity of Fusion Farms' answer.

The United States has issued preliminary discovery to Kendell Lang and Fusion Farms, the responses to which are due May 24, 2021.  The United States requests at least three months in which to conduct any necessary follow-up discovery.

WHEREFORE, the United States objects to the answer by the garnishee Fusion Farms and requests that it be given three months to conduct discovery.

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

By:   *s/ Philip Doyle*
     PHILIP DOYLE
     Attorney, Tax Division
     U.S. Department of Justice
     Post Office Box 310 (Ben Franklin Station)
     Washington, DC 20044
     Telephone: (202) 514-9673
     Facsimile: (202) 514-9477
     Email: philip.a.doyle@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the Objection by United States to Answer by Garnishee Fusion Fusion Properties Management Group, Inc., by Judgment Creditor United States of America was served on April 28, 2021 via First Class mail, postage prepaid, to the following address:

Kendell Lang
1155 Camino Del Mar, #521
Del Mar, CA 92014
*Judgment Debtor*

And further, that the document will be served via the Court's electronic servicing mechanism to:

Cristina B. Martinez Guzman
DM Estudio Legal LLC
P.O. Box 6753
San Juan, Puerto Rico 00914
*Counsel for Garnishee*

____ *s/ Philip Doyle*
   PHILIP DOYLE
   Attorney, Tax Division
