IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>            v.<br><br>KENDELL LANG, et al.<br>    Defendants,<br><br>FUSION PROPERTIES MANAGEMENT<br>GROUP, INC. d/b/a FUSION FARMS<br><br>    Garnishee | CASE NO.: 3:21-MC-00074-FAB |

**MOTION FOR PROTECTIVE ORDER AND TO QUASH FURTHER DISCOVERY**

**TO THE HONORABLE COURT:**

**COMES NOW**, Garnishee, **FUSION PROPERTIES MANAGEMENT GROUP, INC. ("FUSION PROPERTIES")**, through the undersigned counsel and respectfully states and prays as follows:

**I.   INTRODUCTION**

1.1   The instant proceeding arises out of a judgment entered by the United States Dictrict Court, Southern District of California, in Civil Case No. 06-cv-2648 against Mr. Kendell Lang.  The United States Government (IRS), having obtained a judgment in its favor, requested the Court's assistance in executing a writ of garnishment against any property or income of the debtor in the possession of third-party, Fusion Properties, a Puerto Rico domestic corporation.

1.2   This Honorable Court granted the government's petition and issued the garnishment order, which was served upon Fusion Farms on March 26, 2021.  (Docket 4 and Docket 9). According to the terms of the Writ of Garnishment and that of an Order granting an extension of time to file answer to the Writ of Garnishment (Docket 7), on April 15th, 2021 Fusion Properties

filed its Answer to the Writ of Continuing Garnishment. (Docket 10).

1.3     In the Answer to the Writ of Continuing Garnishment Fusion Properties stated that Fusion Properties has no property owned by Mr. Kendell Lang in its custody, control, or possession. However, Fusion Properties explained that it had executed a contingent contract with Mr. Kendell Lang pursuant to which if Mr. Lang raises five million dollars ($5MM) in capital investment to fund the operations of the company, Fusion Properties would pay him a salary of three thousand dollars ($3,000.00) per month. In addition, Fusion Properties would give him stock options equivalent to ten percent (10%) of the outstanding and issued shares of the company at the time of the investor closing. (Docket 10).

1.4     The government was not satisfied with this answer and on May 28th, 2021, it filed an objection to the Answer to the Writ of Continuing Garnishment arguing that it was unclear whether the answer was accurate. Hence, the government served Fusion Properties with written interrogatories and request for production of documents.  Answers were notified to the IRS on May 24th, 2021.  Notwithstanding the fact that Fusion Properties timely provided all the information requested by the IRS, including details on the names and ownership interests of over 170 shareholders of the corporation, on June 11th, 2021, the IRS served additional written discovery and a notice of deposition to a representative of Fusion Properties on July 1st, 2021.  For the reasons set forth below, Fusion Properties requests this Honorable Court to issue a protective order in favor of the Garnishee quashing further discovery, including the notice of deposition proposed to be taken on July 1st to a representative of Fusion Properties.

## II.  FRAMEWORK OF POSTJUDGMENT DISCOVERY AND LIMITS OF ANCILLARY JURISDICTION

2.1     Rule 69 provides for discovery in judgment enforcement proceedings. Under Rule 69(a)(2), a judgment creditor "may obtain discovery from any person — including the judgment

debtor — as provided in these rules or by the procedure of the state where the court is located." Although "Rule 69(a)(2) permits the judgment creditor to 'make a broad inquiry to discover hidden or concealed assets of the judgment debtor,' [ ] discovery must 'be pertinent to the goal of discovering concealed assets **and not be allowed to become a means of harassment of the debtor or third persons**. 'Fed. R. Civ. P. 69(a)(2). Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 3014 n. 4 (3d ed. 2019) (emphasis added).

    2.2    Furthermore, by using third-party post judgment discovery proceedings to identify assets of the judgment debtor, judgment creditor cannot try to impose liability on the non-parties relying on the Court's ancillary jurisdiction. Such an attempt to impose liability would need proof on facts and theory different from the underlying judgment and its own basis for jurisdiction of the Court.  See, USI Props. Corps. v. MD Const. Co., 230 F.3d 489, 498-99 (2000).

## III.    PROTECTIVE ORDERS AGAINST DISCOVERY

    3.1    Federal Rule of Civil Procedure 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. "This provision has been interpreted to entitle parties to discovery of any matter that bears on any issue in the case in the absence of privilege." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

    3.2    Rule 26 also provides that, on motion or on its own, the extent of discovery otherwise allowed by these rules must be limited by the Court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case,

the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. See Fed.R.Civ.P. 26(b)(2)(C); Sánchez-Medina v. UNICCO Serv. Co., 265 F.R.D. 29 (D.P.R. 2010).

## IV.   DISCUSSION

4.1     Fusion Properties requests this Honorable Court to issue a protective order in favor of the Garnishee and to order that further discovery, including the notice of deposition served on Fusion Properties, be quashed.  Fusion Properties has been responsive to the information and document requests of the Plaintiff.  However, the additional discovery requests served by the IRS seek confidential information of non-parties to the original case against Mr. Lang, information of parties with no family relationship with Mr. Lang, business information of Garnishee, confidential information of stockholders to which Fusion Properties owe a fiduciary duty, and information readily accessible to the IRS through public records.  Hence, it is evident that the discovery requests are being used as a means of harassment against Fusion Properties and not for the purposes allowed by Rule 69.

4.2     Fusion Properties was organized as a Puerto Rico corporation in 2016, it is regulated by the Security and Exchange Commission[1], has achieved federal designation as a SAM certified business qualified to sell agricultural products to federal entities, and it has achieved its DUNS number and CAGE classification for federal contracting purposes and is a registered entity with a D&B registration.  Consequently, the IRS has access to its financial and public records without need to continue to burden Fusion Properties with additional discovery requests. Garnishee has also made available to Plaintiff all tax returns filed since its inception, statements filed with the Securities and Exchange Commission (SEC), as well as audited financial statements

---

[1] SEC CIK #0001858744.

included with the SEC's filings, verifying that Fusion Properties has no assets belonging to Mr. Kendell Lang, neither it has paid any monies to Mr. Lang. Hence, the Plaintiff is in no need to continue requesting information from the Garnishee. Any additional information the IRS may seek, is readily available to the federal government.

    4.3    Furthermore, the Plaintiff is requesting Garnishee to disclose confidential information of its shareholders without any basis for such request and in violation of the privacy rights of such nonparties. The IRS has no claim against Fusion Properties or its shareholders. Notwithstanding, the IRS has been provided with the complete list of shareholders of Fusion Properties, which evidence that over 170 independent persons from different states and countries have stake in the company. Fusion Properties owed a fiduciary duty to such independent investors to protect their information. The fact that the government is not satisfied with the reality that the judgment debtor has no assets in the corporation and currently receives no income from the corporation does not justify, nor does it constitute a sufficient basis in law to request information from third parties unrelated to the present case. Consequently, the IRS' requests to Fusion Properties for information related to third parties should be quashed by this Honorable Court.

    4.4    Finally, the Plaintiff's numerous requests are adversely affecting the operations of Fusion Properties. Garnishee has achieved its "Certificación de Agricultura Bonafide", which verifies it complies with all the Department of Agriculture requirements to be classified as a 100% agricultural operation, has been designated by the Government of Puerto Rico as an "Essential Food Provider" and it has been continuously operating through the COVID-19 pandemic to support production of nutritious food to residents of the Island. Since 2017 when Hurricane María hit Puerto Rico, there has been an urgent and important effort to help Puerto Rico achieve Food Security and Food Sovereignty. 80% of the farms in Puerto Rico were destroyed and only 34%

have been restored since Hurricane María. These facts contributed to Fusion Properties being designated by the Government of Puerto Rico as a "Company of Strategic Importance". Fusion Properties has dedicated significant resources and time to the task of answering Plaintiff's requests of information and documents which has prevented it from focusing on its operations and its ability to contribute to the production of food for residents of Puerto Rico. Garnishee is well aware of its obligations under the terms of the current Writ of Garnishment and will act according to its terms once it receives any assets belonging to Mr. Lang or becomes obligated to pay any monies to judgment debtor. Hence, there is no further need at the time to pursuing additional discovery from Fusion Properties and causing it unnecessary burdens and impacting its operations.

**V.      CONCLUSION**

5.1     Rule 69 should not be allowed to become a means of harassment of third persons. See, Charles Alan Wright, Arthur R. Miller, et al., FEDERAL PRACTICE AND PROCEDURE, *supra*. There is no doubt that Fusion Properties has complied with the Government's requests and has provided the information and documents requested. However, by using the discovery mechanism permitted by Rule 69 of the Federal Rules of Civil Procedure, the IRS is placing undue pressure on a non-party against which it has no claim, and which owes a fiduciary duty to its investors and owners to achieve the company's objectives and to protect their investment and confidential information. The underlying judgment against Mr. Kendell Lang does not permit the Government to pursue third parties in an attempt to impose liability on them without having established and prevailed in a cause of action against such third parties, prior to establishing the Court's jurisdiction to rule on the matter.  See, USI Props. Corps. v. MD Const. Co., *supra*.

5.2     In view of the fact that the Garnishee has provided the information requested by the IRS, that the additional information requested is readily available to the government through other

sources, that the new discovery requests relates mostly to information from third parties who are not parties to the lawsuit and that there is no basis for pursuing discovery from Fusion Properties and interrupting its normal operations, a party against whom the government has no claim, and which is complying and will comply with the terms of the Writ of Garnishment, the Honorable Court is respectfully requested to issue a protective order in favor of Fusion Properties quashing the additional discovery requests, including the taking of a deposition of a representative of Fusion Properties, notified for July 1st, 2021.

**WHEREFORE**, it is respectfully requested that this Honorable Court grants the instant motion and issue a protective order in favor of Fusion Properties quashing the additional discovery requests, including the taking of a deposition of a representative of Fusion Properties, notified for July 1st, 2021.

**RESPECTFULLY SUBMITTED**.

We hereby certify that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 5th day of April 2021

        **s/CRISTINA B. MARTÍNEZ GUZMÁN**
        USDC NO. 218710
        Attorney for Garnishee Fusion Properties Management Group, Inc.
        **DM Estudio Legal LLC**
        P.O. BOX 6753
        SAN JUAN, PR  00914
        TEL: (787) 307-5706
        E-MAIL: cmartinezguzman@icloud.com