IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff

v.

KENDELL LANG, et al.
Defendants,

CASE NO.: 3:21-MC-00074-FAB

MOTION TO VACATE JUDGMENT;
MEMORANDUM OF POINTS AND
AUTHORITIES

## MOTION TO VACATE JUDGMENT;
## MEMORANDUM OF POINTS AND AUTHORITIES

TO:     Plaintiff, United States of America
        Through their counsel, Philip Doyle

FROM:   Kendell Lang, in pro per

PLEASE TAKE NOTICE that Defendant Lang moves this Court for an order vacating the judgment against him, CASE NO.: 3:06-cv-02648 dated July 25, 2008 on the grounds that the Statute of Limitations has expired, and further that California state's limit on the enforceability of judgments is a statute of extinguishment (i.e., a statute of repose), not a statute of limitations, as more fully described in the Memorandum of Points and Authorities below.

This motion is made pursuant to *Federal Rule of Civil Procedure* 60(b)(3)(Rule "60") and shall be based upon this Motion and the included Memorandum of Points and Authorities.

Dated: _July 6, 2021_

_____
KENDELL LANG

–1–

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

COMES NOW Kendell Lang (hereinafter "Defendant"), acting on his own behalf "in pro per", and respectfully submits the following Memorandum of Points and Authorities in support of the Motion to Vacate the Judgment, dated July 25, 2008.

1.      A judgment in entered in favor of the United States and against Kendell Lang was entered by the United States District Court for the Southern District of California on July 25, 2008 under the case United States v. Kendell Lang, et. al., Case No. 3:06-cv-02648 (S.D. Cal).

2.      A judgment expires ten years after the date of the entry of the judgment. Cal. Civ. Proc. Code § 683.020. Therefore, the above referenced judgment expired on July 24, 2018.

3.      There is no specific federal statute of limitations on how long [a federal] judgment is effective. When no federal statute applies, state practices and procedures are utilized. California State law provides a judgment debtor with the rights and remedies to enforce a 10 year Statute of Limitations on a federal money judgment under F.R.C.P. 69(a)(1).  The fact is that the Plaintiff did not file a renewal of the judgment. The law of the state measures the life of a federal judgment and in this case the above referenced judgment expired on July 24, 2018.

4.      Civil Rule 60(b)(6): Rule 60 states in pertinent part that, "Grounds for Relief from a Final Judgment. On motion and just terms, the court may relieve a party from a final judgment for the following reason. The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. As the Statute of Limitations has expired on the judgment, this motion is duly filed.

5.      Victory lasts forever, but not a federal judgment. "There is 'no specific federal statute of limitations on how long [a federal] judgment is effective. (citation omitted) When no federal statute applied, state practices and procedures are utilized."[1] State law provides a judgment creditor with the rights and remedies to enforce a federal money judgment under F.R.C.P. 69(a)(1), including the renewal of a money judgment.[2] The law of the state measures the life of a federal judgment. A pending appeal does not toll the enforceability period under C.C.P. § 683.020.[3]

6.      In In Re Levander,[4] the Ninth Circuit held that the federal courts apply the law of the domicile in the enforcement of a judgment.[5] Similarly, in McCarthy v. Johnson,[6] the court held that Utah state law provided the mechanism for the renewal of a federal judgment. In Fidelity Nat. Fin. Inc. v. Friedman, the Ninth Circuit held that state law applies when measuring the life of judgments. Federal and bankruptcy courts apply state law when renewing a judgment because federal judgments lack a federal expiration date.[7] While Fidelity dealt with a registered judgment,

---

[1] In re Fifarek (Stark v. Fifarek), 370 B.R. 754, 758 (Bankr. Court, W.D. Mich. 2007); In re Hunt (Lillie v. Hunt), 323 B.R. 665, 666 (Bankr. W.D. Tenn. 2005) ("Since there is no specific statute of federal statute of limitations on how long this judgment is effective, the parties agree that we must look to Tennessee law [citation omitted])".

[2] Fed R. Civ Pr. 69(a)(1)&(2)

[3] Fidelity Creditor Service, Inc. v. Browne (2001) 89 Cal.App.4th 195, 201 [106 Cal.Rptr.2d 854]: The period prescribed in Section 683.020 commences on the date of entry and is not tolled for any reason

[4] In re Levander, 180 F.3d 1114 (9th Cir. 1999)

[5] Id. at 1121-1122, "We have held that Federal Rule of Civil Procedure 69(a) empowers federal courts to rely on state law to add judgment-debtors under Rule 69(a), which permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits." citing to Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 (9th Cir.1998) (quoting Peacock v. Thomas, 516 U.S. 349, 359 n. 7, 116 S.Ct. 862 [1996])(internal quotation marks omitted); see also, Andrews at 568; Crump v. Bank of America, 235 F.R.D. 113, 115 (D.D.C. 2006); RMA Ventures v. Sun Am. Life Ins. Co., 576 F.3d 1070, 1074 (10th Cir. 2009) ("Once a federal district court issues a write of execution, a judgment creditor must follow the procedure on execution established by the laws of the state in which the district court sits. [Citations omitted] ***). Thus, as required by FRCP 69(a)(10), Defendants have turned here to the method of execution prescribed under Utah law."

[6] McCarthy v. Johnson, 172 F.3d 63 (10th Cir. 1999). Unpublished Opinion

[7] Fed.R.Civ.Pro 69(a) et seq. incorporates the law of the state in enforcing money judgments, including the requirement of a renewal. McDaniel v. Signal Capital Corp., 198 B.R. 483, 486-487 (Bankr. S.D. Texas 1996); see also, In re Brink, 227 B.R. 94, 95-96 (Bankr. N.D. Texas, 1998); In re Davis, 323 B.R. 745, 748-749 (Bankr. D. Ariz, 2005); In re Hunt; (Lillie v. Hunt), 323 B.R. 665, 666-667 (Bankr. W.D. Texas 2005); In re Fifarek (Stark v. Fifark), 370 B.R. 754, 758 (Bankr. W. D. Mich. 2007). Also In re Romano (Romano v. LaVecchia), Westlaw cite unavailable [WESTLAW?] (9th Circuit BAP, 2009) ("Thus, state law governs the procedure for execution on a judgment in the absence of an applicable federal statute. There is no relevant federal statute we have been able to locate with regard to the renewal of judgment. The parties agree that Nevada law governs the enforcement of the judgment." [6 years], aff'd 2010 Ap. Lex 5444 (9th Circuit, 2010).

the principle that a registered judgment is deemed a judgment for all purposes under 28 U.S.C. § 1963 is nevertheless applicable.

7.      The Ninth Circuit held that the federal courts are to apply state law in determining the statute of limitations.[8] Likewise, the Fifth Circuit applied Texas state law in Andrews v. Roadway Express, Inc. (5th Cir. 2006) 473 F.3d 565, holding that a consent decree, arising from a class action suit, was time barred as a result of the plaintiffs' failure to timely renew the judgment and raising the issue whether other judgment providing for payment to class bear a fixed life.[9] Unless a federal statute provides otherwise, the practice relative to the revival of dormant judgment is governed by state law.[10]

8.      Some states have held that a time-barred judgment is extinguished and ceases to exist ("statute of repose"), as opposed to having a procedural rule that bars recovery in the enforcement of judgments.[11] In United States v. Tacoma Gravel & Supply Inc.,[12] the Ninth Circuit, construing Washington state law, held that Washington state's limit on the enforceability of judgments is a statute of extinguishment (i.e., a statute of repose),[13] not a statute of limitations. Moreover, the Ninth Circuit unequivocally held that "this is not a statute of limitations but of extinguishment; after six years, a Washington judgment has no force or effect—it ceases to exist. [Collection of Washington state cases]"[14] The Tacoma court applied Washington state law to bar

---

[8] See Marx v. Go Publ. Co., Inc., 721 F.2d 1272, 1273 (1983); see also; Duchek v. Jacobi, 646 F.2d 415, 417 (1981).

[9] Andrews at 567-568 (collection of cases). Note the discussion whether the issue is the time limits for the issuance of a writ of execution is subject to state law and whether the judgment is extinguished.

[10] See Donellan Jerome Inc. v. Trylon Metals Inc., 996 F. Supp. 996 (USDC, N.D.Ohio 1967 (Collection of cases).

[11] Mississippi provides for statute of repose, not statute of limitations for judgment renewals. [Mississippi Code § Ann 15-1-43].

[12] United States v. Tacoma Gravel & Supply Co., 376 F.2d 343, 344-345 (9th Cir. 1967) ("Consequently, the judgment becomes inoperative for any purpose after expiration of six years.) Please note that, while Washington has extended the life of a judgment to ten years, the holding in Tacoma that the Washington statute is one of repose, extinguishing the judgment, still applies. Cf. RCW 4.16.020 and 4.56.210

[13] A statute of repose cuts off a right of action after a specified period time, irrespective of accrual or even notice that a legal right has been invaded. Giest v. Sequoia Ventures, 83 Cal.App.4th 300, 305 (Cal.App.1 Dist., 2000).

[14] Tacoma at 344.

enforcement brought by the United States, stating that the "Appellant had no judgment left to renew," a conclusion predicated in part on the government's filing in state court.[15] Tacoma is important because it demonstrates that a renewal statute is also a statute of repose that in fact extinguishes the judgment completely.

9.      California Code of Civil Procedure §§ 683.110 through 683.220 provide for the renewal of a judgment consisting generally of the filing and service of an application for renewal [Sections 683.140 to 683.150]. Upon filing the application, the clerk shall enter the renewal in the court records.[16]

10.     To initiate enforcement, the judgment creditor must serve the renewal by mail. See C.C.P § 683.160(b). To maintain the judgment, the judgment creditor must record a certified copy of the application for renewal. See C.C.P § 683.180.18 The judgment creditor must personally serve the transferee and file proof of service within 90 days of the renewal filing.

11.     As shown by the Memorandum of Points and Authorities, this motion should be granted on the grounds that the Statute of Limitations has expired and that the judgment extinguished (i.e., a statute of repose), not possible to be renewed.

---

[15] Id. at p. 345.
[16] In re Penberthy, 211 B.R. 391, 395 (Bankr.W.D. Wash. 1997).

## STATEMENT UNDER PENALTY OF PERJURY
## UNDER 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing statements are true and correct according to the information provided to me and/or available to me.

KENDELL LANG

**I HEREBY CERTIFY**: That a true and exact copy of this Motion has been served upon **Mr. Philip Doyle,** Trial Attorney, Tax Division, US Department of Justice, Ben Franklin Station, PO Box 310, Washington DC 20044, Philip.a.doyle@usdoj.gov.

s/**KENDELL LANG**
Defendant
1155 Camino del Mar #521
Del Mar, CA 92014
TEL: (760) 445-3315
E-MAIL: kendell.lang@gmail.com