IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:21-MC-00074-FAB |
| ) | |
| KENDELL LANG, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| FUSION PROPERTIES MANAGEMENT ) | |
| GROUP, INC., d/b/a FUSION FARMS, ) | |
| ) | |
| Garnishee. ) | |

**OPPOSITION BY UNITED STATES TO MOTION TO VACATE JUDGMENT BY KENDELL LANG, AND SUPPORTING MEMORANDUM**

The United States opposes the Motion to Vacate Judgment [doc. 19] filed by the *pro se* defendant/judgment debtor Kendell Lang because the motion is without merit. Specifically, the motion, ostensibly filed under Fed. R. Civ. P. 60(b), fails under that rule both procedurally (because it was filed in the wrong court) and substantively (because the motion does not fall within any of the permissible grounds for vacating a judgment under the rule). Reading the *pro se* judgment debtor's motion liberally to be a motion to quash the writ of garnishment in this case on the ground that the underlying judgment has lapsed, the motion fails because Lang mistakenly believes a federal court judgment in favor of the United States for federal income tax is bound by California law. In truth, the duration of the underlying debt and enforcement of the corresponding judgment are governed by federal law.

In further support of this opposition, the United States submits the following memorandum.

1

**Memorandum**

**Background**

The United States obtained a judgment (by summary judgment) in the amount of $437,812.47 against Kendell Lang in the United States District Court for the Southern District of California on July 25, 2008. [Docs. 1-1, 1-2.] The judgment is for unpaid federal income taxes for the years 1993, 1995, 1999, 2000, 2001, 2002, and 2004, and for 2002 income taxes as the representative of Patricia Lang's decedent's estate. [*Id.*]

The United States registered the judgment against Lang in this Court on February 19, 2021. [Doc. 1.] The judgment entered by the California federal district court now has the same effect as a judgment entered by this Court and may be enforced in like manner. 28 U.S.C. § 1963. At the Government's request, this Court issued a writ of garnishment to Fusion Properties Management Group, Inc. ("Fusion Farms"), on March 17, 2021, requiring Fusion Farms to hold and account for all property belonging to Lang. [Doc. 4.]

The discovery thus far conducted by the United States shows that Lang has total control over Fusion Farms, serving as the company's President, Treasurer, and Secretary, and having majority control of the company's voting shares. [Doc. 18-5, Ex. A, ¶ 1.a.] Lang and Fusion Farms have resisted the Government's efforts to obtain further information by filing an unwarranted motion for protective order [doc. 16] and ceasing all cooperation, as shown by an email from Fusion Farms' counsel [doc. 23-1] stating "Right now I am not authorized to reach an agreement on any matter." Lang's Motion to Vacate Judgment is the latest roadblock he has thrown in the way and is similarly without merit.

**Argument**

Lang's Motion to Vacate Judgment [doc. 19] recites that it is based on Rule 60(b) of the Federal Rules of Civil Procedure, which provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . " for specified reasons.  Lang argues that the judgment entered by the United States District Court for the Southern District of California in favor of the United States for federal income taxes that Lang owes has lapsed by operation of California law.  The motion is without merit because: (1) a Rule 60(b) motion should ordinarily be directed to the court that entered the judgment; (2) even if (contrary to fact) the judgment had lapsed, that is a not basis upon which to vacate the judgment; and (3) the judgment in this case is a valid and enforceable judgment.

*1.     A Rule 60(b) motion should ordinarily be filed in the court that entered the judgment or order from which relief is sought.*

The judgment in this case was rendered by a federal district court in California and registered by the United States in this Court pursuant to 28 U.S.C. § 1963 to facilitate collection of the judgment.  If Lang truly sought to vacate the judgment, he should have filed his motion in the California district court that rendered it.

In this circuit, the only bases upon which a court where a judgment has been registered can properly vacate a judgment rendered by a different court is where either (1) the rendering court lacked personal jurisdiction over the defendant, or (2) where the underlying facts would support an independent equitable action to vacate the judgment.[1]  *Indian Head Nat'l Bank of*

---

[1] "Generally, such an independent action must show a recognized ground, such as fraud, accident, mistake or the like, for equitable relief and that there is no other available or adequate remedy. It must also appear that the situation in which the party seeking relief finds himself is not due to his own fault, neglect or carelessness. In this type of action, it is fundamental that

(continued...)

3

*Nashua v. Brunelle*, 689 F.2d 245, 251-52 (1st Cir. 1982).  Lang does not assert either of these two bases for his motion, and this Court is therefore not the proper forum for his motion.

  **2.**   ***Lang does not allege any of the reasons specified in Rule 60(b) for vacating the judgment.***

  The sole basis upon which Lang seeks relief is his mistaken assertion that the judgment in this case has lapsed.  That is not a basis upon which to vacate the judgment.

  Lang suggests that the judgment may be void, but a lapsed judgment is not void, it is simply unenforceable.  For instance, *res judicata* would still apply to a lapsed judgment.  Lang also suggests that Rule 60(b)(5) might apply, but the judgment in this case has not been satisfied, released or discharged. Finally, Lang suggests that the catch-all provision of Rule 60(b)(6) – "any other reason that justifies relief" – might apply, but even if this Court were to conclude that the judgment has lapsed and is thus unenforceable, that would not be a basis upon which to vacate the judgment.

  Reading Lang's motion liberally, and assuming Lang's assertion that the judgment has lapsed is correct, the proper remedy would be to quash the writ of garnishment on the ground that it had been improperly granted.  Unfortunately for Lang, the judgment in this case is valid and enforceable.

  **3.**   ***The judgment in this case is valid and enforceable***.

  Federal law governs the enforcement and duration of judgments for federal taxes.  The federal income tax is imposed by federal law, *see* 26 U.S.C. § 1 ("There is hereby imposed on

---

equity will not grant relief if the complaining party has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action * * * to open, vacate, modify or otherwise obtain relief against, the judgment." *Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087, 1089 (10th Cir. 1970) (citations and quotations omitted).  Lang could have appealed the judgment entered by the district court in California and chose not to.

the taxable income . . . a tax . . . ."). A suit for a judgment for unpaid federal taxes under 26 U.S.C. § 7401, such as the one that resulted in the judgment against Kendell Lang here, is part of a "formidable arsenal of collection tools . . . to ensure the prompt and certain enforcement of the tax laws." *United States v. Rodgers*, 461 U.S. 677, 682-83 (1983) (citations omitted). Tax collection is an exercise of a sovereign function, "ultimately grounded in the constitutional mandate to lay and collect taxes." *Rodgers*, 461 U.S. at 697 (citations and quotations omitted). "When the United States becomes entitled to a claim, acting in its governmental capacity, and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." *United States v. California*, 507 U.S. 746, 758 (1993) *quoting United States v. Summerlin*, 310 U.S. 414, 417 (1940). The United States is not subject to state limitations periods when enforcing the tax laws, including the collection of unpaid federal taxes and the enforcement of judgments for unpaid federal taxes.

Lang suggests (without stating outright) that Fed. R. Civ. P. 69(a) provides a waiver of sovereign immunity and that the United States has therefore acquiesced in the application of California law to limit the duration of the judgment in this case. He is mistaken. Rule 69(a) no longer generally applies to judgments in favor of the United States, and even when it did, state limitations periods did not affect the duration of judgments for federal taxes.

Rule 69(a) provides for the application of state procedures for the enforcement of judgments rendered by federal courts, but also provides that "a federal statute governs to the extent it applies." In 1990, Congress enacted the Federal Debt Collection Procedures Act (the "FDCPA"), 28 U.S.C. § 3001 *et seq.* to replace the patchwork of state procedures that the United

States formerly needed to follow.[2] The FDCPA provides that a judgment lien in favor of the United States lasts 20 years, and may be extended another 20 years. 28 U.S.C. § 3201(c). That a judgment lien can last 40 years is plainly inconsistent with Lang's assertion that the judgment itself lapsed after only 10 years.

Moreover, the FDCPA does not provide an end-date for a judgment in favor of the United States. This does not mean that Lang can manufacture an end-date for federal tax judgments that conveniently gets him off the hook. Indeed, case law prior to 1990 (*i.e.*, when judgments in favor of the United States were enforceable in the manner provided by state law) held that "[a]lthough a lien based on that judgment is subject to state-created limitations (28 U.S.C. § 1962;[3] Fed. R. Civ. Proc. 69(a)), the judgment itself is not subject to limitations and is enforceable at any time." *United States v. Overman*, 424 F.2d 1142, 1147 (9th Cir. 1970); *see also*, *Rodriguez v. Escambron Development Corp.*, 740 F.2d 92, 94 n.3 (1st Cir. 1984) (a timely suit to collect a federal tax liability extends the life of a federal tax lien "indefinitely").

The indefinite duration of a federal tax judgment follows from the indefinite duration of the underlying liability for taxes. The Internal Revenue Service has 10 years[4] from the date of assessment to collect a tax liability. 26 U.S.C. § 6502. However, if the United States commences a suit to collect the tax liability within that 10-year window, then the liability and the accompanying judgment remain enforceable indefinitely. *Id.*

---

[2] While the FDCPA recites that it provides the "exclusive" procedure for enforcing most judgments in favor of the United States, 28 U.S.C. § 3001(a), the act "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law . . . to collect taxes . . . ." 28 U.S.C. § 3003(b)(1).

[3] 28 U.S.C. § 1962 provides that judgment liens for federal judgments are governed by state procedures but was amended in 1990 to also provide "This section does not apply to judgments entered in favor of the United States."

[4] When the *Overton* case was decided, the relevant collection limitations period was 6 years from the date of assessment.

Lang's motion to vacate the judgment is without merit. He remains liable for the taxes he failed to pay more than 20 years ago, and the judgment for those tax liabilities remains enforceable.

WHEREFORE, the Court should deny the Motion to Vacate Judgment [doc. 19].

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

By: ___*s/ Philip Doyle*_____
PHILIP DOYLE
Attorney, Tax Division
U.S. Department of Justice
Post Office Box 310 (Ben Franklin Station)
Washington, DC 20044
Telephone: (202) 514-9673
Facsimile: (202) 514-9477
Email: philip.a.doyle@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing Opposition by United States to Motion to Vacate Judgment by Kendell Lang was served on July 13, 2021 via First Class mail, postage prepaid, to the following:

Kendell Lang
1155 Camino Del Mar # 521
Del Mar, CA 92014
*Pro se*

And by email to:

kendell.lang@gmail.com

and by electronic delivery through the Court's electronic filing system to:

Cristina B. Martinez Guzman
DM Estudio Legal LLC
P.O. Box 6753
San Juan, Puerto Rico 00914
*Counsel for Fusion Properties*
*Management Group, Inc.*

                 *s/ Philip Doyle*
                 PHILIP DOYLE
                 Attorney, Tax Division