IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:21-MC-00074-FAB |
| KENDELL LANG, et al., | ) |
| Defendants, | ) |
| FUSION PROPERTIES MANAGEMENT GROUP, INC., d/b/a FUSION FARMS, | ) |
| Garnishee. | ) |

**MOTION BY UNITED STATES FOR JUDGMENT AND FOR DISPOSITION ORDER AND SUPPORTING MEMORANDUM**

The United States moves the Court pursuant to 28 U.S.C. § 3205(c)(6) for entry of a judgment – provisionally in the amount of $11,416.10 -- against the garnishee Fusion Properties Management Group, Inc. ("Fusion Farms") for amounts it paid to Kendell Lang in violation of the writ of garnishment in this case. The United States also moves the Court pursuant to 28 U.S.C. § 3205(c)(7) for a disposition order directing Fusion Farms to pay the United States approximately $150,000, plus any additional amounts it owes to Kendell Lang, for application to the judgment debt owed by the defendant/judgment debtor Kendell Lang. Fusion Farms recently disclosed that it is indebted to Kendell Lang in the approximate amount of $150,000 and that it routinely asks Lang to personally make purchases for the company and allows him to reimburse himself from the company's bank accounts.

In support of this motion the United States submits the following evidentiary material:

Exhibit 1: Transcript excerpts from the deposition testimony of Eliot Pratt, designated witness for Fusion Properties Management Group, Inc.

1

> Exhibit 2:   Supplemental Answer by Fusion Farms to Second Set of Interrogatories and Second Document Request (Exhibit 7 to Pratt deposition);
>
> Exhibit 3:   Statements of account for Fusion Farms' account at Oriental Bank, March 2021 through September 2021 (Exhibit 8 to Pratt Deposition) (with most non-material information redacted)

In further support of this motion, the United States submits the following memorandum.

## MEMORANDUM

### *Background*

The United States served a writ of garnishment to Fusion Farms on March 26, 2021 [doc. 9]. Among other things, the writ requires Fusion Farms –

> to answer in writing, under oath, within ten (10) days, whether or not you have in your custody, control, or possession, any property owned by Kendell Lang, including non-exempt disposable earnings. Also state whether you anticipate paying Kendell Lang any future payments and whether such payments are weekly, biweekly, monthly, or otherwise periodic in nature.

[Doc. 4.]  The writ further states –

> Effective immediately upon receipt of this Writ of Continuing Garnishment, you are required to withhold and retain any property in which Kendell Lang has a substantial non-exempt interest. You must continue to withhold and retain any of Kendell Lang's property that is due (or may become due) and that comes into your possession, pending further order of the Court.

[*Id.*]  Fusion Farms answered the writ on April 15, stating it "has no property owned by Mr. Kendell Lang in its custody, control or possession," but that it might become liable to him at some time in the future on account of a contingent contract. [Doc. 10, ¶¶ 3, 4.] The answer turns out to have been inaccurate.

2

After several delays in discovery,[1] the United States obtained supplemental interrogatory answers and documents from Fusion Farms on October 1 and the testimony of Eliot Pratt, Acting Director for Finance, as Fusion Farms' designated witness on December 9, 2021.  Pratt's testimony identified several false statements made by Fusion Farms in its answer to the writ of garnishment and in its interrogatory answers:

- Fusion Farms owes Kendell Lang approximately $150,000 [Exhibit 1, pp 75-76], contrary to the company's statement in its answer to the writ that it owes him nothing;

- Fusion Farms has repeatedly paid Kendell Lang's personal credit card debts – at least in the amount of $11,416.55 -- in violation of the writ of garnishment [Exhibit 1, pp 60-61, 80-92; Exhibit 3[2]], contrary to the company's statement in its answer to the writ that its only obligation to Lang was a speculative future obligation contingent on Lang acquiring investors;

---

[1] The delays include Fusion Farms' failed motion for a protective order [docs. 16, 30], a subsequent order compelling Fusion Farms to answer written discovery served on June 11 no later than October 1 [doc. 31], and the last-minute resignation of its designated witness one day before a deposition scheduled for November 10 [doc. 45, p 3, n.4].

[2] The nine payments to Kendell Lang's personal credit card identified so far, which appear on Exhibit 3, are:

| Date | Amount |
|---|---|
| 4/5/21 | $  295.97 |
| 4/23/21 | 132.85 |
| 5/10/21 | 316.94 |
| 5/18/21 | 1,901.98 |
| 6/28/21 | 5,303.51 |
| 7/14/21 | 338.23 |
| 8/19/21 | 60.00 |
| 8/30/21 | 2,753.05 |
| 9/28/21 | 314.02 |
| **Total** | **$11,416.55** |

- Kendell Lang remains the sole signatory on Fusion Farms' bank accounts [Exhibit 1, pp 69-74], contrary to the company's supplemental answer to interrogatory 8 that since July 30, 2021, "the authorized signatories do not include Mr. Lang" [Exhibit 2, pp 3, 4]; and

- In addition to concealing Lang's continuing control over the company's bank accounts, Fusion Farms concealed the existence of a second bank account the company maintains at FirstBank [Exhibit 1, pp 43, 44], by failing to disclose the account and instead stating in its supplemental answer to interrogatory 8 that "The Company holds one bank account" at Oriental Bank [Exhibit 2, p 3].

Fusion Farms does not have a credit card of its own. [Exhibit 1, p 73.] Lang is the only person authorized to access the funds in Fusion Farms' bank account even though he now holds no formal position with the company. [Exhibit 1, pp 72, 78-79.] Fusion Farms' usual practice when acquiring equipment or making other significant purchases is to ask Kendell Lang either to write a check for the expenditure on the company's checking account or to use his personal credit card to make the purchase. [Exhibit 1, pp 70-74.] When paying with his credit card, Lang reimburses himself by satisfying his personal credit card debt using funds from the company's checking account. [Exhibit 1, pp 82-83, 89-92; Exhibit 3.] The $150,000 debt Fusion Farms currently owes to Lang is to reimburse him for a large expenditure he made for the company. [Exhibit 1, pp 75-76.]

The United States is currently uncertain as to what amounts, if any, Fusion Farms has paid to Lang in violation of the writ of garnishment beyond the $11,416.55 in credit card reimbursements identified in the Oriental Bank statements. The Oriental Bank statements produced by Fusion Farms extend only through September 2021, so any reimbursements Fusion

Farms made to Lang using that account in the last three and a half months are unknown. In addition, Fusion Farms provided statements for its First Bank account through December 2021, but only on January 7, 2022, and those statements do not provide sufficient detail to identify reimbursements to Kendell Lang. Accordingly, the United States seeks judgment against Fusion Farms in the amount of $11,416.55 and may seek to increase that amount if ongoing discovery discloses additional amounts that Fusion Farms has paid Kendell Lang in violation of the writ.

The United States is currently uncertain as to the amount a disposition order should require Fusion Farms to pay beyond the approximate amount of $150,000. Fusion Farms has not identified the exact amount it owes Lang, with Pratt stating only that it was "about $150,000; I don't know the exact number." [Exhibit 1, p. 75.] Also, because reimbursing Lang for expenditures he makes at the company's request is an on-going practice, there may be additional amounts Fusion Farms owes Lang that it has not yet paid.

### *Argument*

1. <u>The United States is entitled to judgment against Fusion Farms.</u>

The writ of garnishment served upon Fusion Farms on March 26, 2021 is a continuing writ. [Doc. 4]; *see* 28 U.S.C. § 3205(a). Accordingly, any amounts Fusion Farms owed to Kendell Lang on March 26 or after that date were subject to the writ and, by the writ's terms, should have been withheld and retained by Fusion Farms. [Doc. 4]; *see* 28 U.S.C. § 3205(c)(2)(F). The United States has identified $11,416.55 that Fusion Farms reimbursed to Kendell Lang after March 26 and is entitled to judgment in at least that amount.

When a garnishee "fails to withhold property in accordance with the writ" and "fails to show good cause why [it] failed to comply with the writ," then the Court "shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt interest in such

property." 28 U.S.C. § 3205(c)(6). Accordingly, unless Fusion Farms can show good cause for failing to comply with the writ, the United States is entitled to judgment against Fusion Farms for the amounts it has reimbursed Kendell Lang in violation of the writ of garnishment. As discussed above, that amount is uncertain but is at least in the amount of $11,416.55.

That the purchases for which Fusion Farms later reimbursed Kendell Lang were made for the company's benefit does not alter the analysis, and indeed confirms these were bona fide debts the company owed to Lang. That Fusion Farms made the payments directly to Lang's credit card company to satisfy his personal debt instead of directly to Lang himself also does not alter the analysis as the payments were made to satisfy the company's recurring debts to Lang.

Based on the foregoing, the Court should enter judgment for the United States in the amount of $11,416.55, an amount the United States may later seek to enlarge in the event ongoing discovery reveals that Fusion Farms has paid additional amounts to Kendell Lang in violation of the writ of garnishment.

  2. <u>The United States is entitled to a disposition order requiring Fusion Farms to pay the United States the amounts it owes to Kendell Lang.</u>

Once there is a determination that the garnishee has possession, custody, or control of amounts owed to the judgment debtor, the Court "shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." 28 U.S.C. § 3205(c)(7). Here, Fusion Farms has acknowledged that it owes Kendell Lang "about $150,000," and it may owe him even more, depending on what purchases Lang has made for the company's benefit for which he is awaiting reimbursement.

Accordingly, the Court should order Fusion Farms to pay the United States, within ten days, the amount shown on its books as owing to Kendall Lang (about $150,000) as well as any other amounts it currently owes to Lang and that it will owe to Lang in the future.

WHEREFORE, the Court should:

(a) enter judgment in favor of the United States and against Fusion Properties Management Group, Inc. in the amount of $11,416.55; and

(b) order Fusion Properties Management Group, Inc., to pay over to the United States, within ten days, the amount shown on its books as owing to Kendall Lang (about $150,000) as well as any other amounts it currently owes to Lang, and to pay any additional amounts it may owe Lang in the future to the United States within ten days of incurring such debts.

>DAVID A. HUBBERT
>Deputy Assistant Attorney General
>U.S. Department of Justice, Tax Division
>
>By:   *s/ Philip Doyle*
>PHILIP DOYLE
>Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 310 (Ben Franklin Station)
>Washington, DC 20044
>Telephone: (202) 514-9673
>Facsimile: (202) 514-9477
>Email: philip.a.doyle@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion by United States for Judgment and for Disposition Order and Supporting Memorandum was served on January 12, 2022 by First Class Mail, postage prepaid, to the following:

Kendell Lang
1155 Camino Del Mar # 521
Del Mar, CA 92014
*Pro se*

And by email to:

kendell.lang@gmail.com

Electronic service of the Motion by United States for Judgment and for Disposition Order and

Supporting Memorandum will be sent via the Court's ECF noticing procedures to:

Carlos M. Sanchez-La-Costa, Esq.
P.O. Box 9023027
San Juan, PR 00901
*Counsel for*
*Fusion Properties Management Group, Inc.*

    *s/ Philip Doyle*
PHILIP DOYLE
Attorney, Tax Division